# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT MIKAIL, #45648-083, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-16-3061 |
| WARDEN TIMOTHY STEWART | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Pending is Robert Mikail's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent Timothy Stewart, by his counsel, moves to dismiss the petition. ECF No. 3. Mikail filed a reply in response to the Motion, to which Respondent replied. ECF Nos. 5, 6. The matter is ripe for disposition and a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For reasons to follow, the petition will be denied and a certificate of appealability shall not issue.

## I. BACKGROUND

Mikail is a federal inmate serving a 52-month sentence pursuant to his conviction in the United States District Court for the Eastern District of Virginia for conspiring to commit bank fraud. ECF No. 1 ¶ 3. He contends that the Bureau of Prisons ("BOP") failed to credit his time served from April 11, 2013 to January 23, 2014, a period of nine months and twenty days, to his federal sentence. He seeks Court order requiring the BOP to credit this time against his sentence.

Specifically, Mikail contends that the federal sentencing judge explicitly required that Mikail's federal sentence include credit for the above-identified time served prior to his federal sentencing. ECF No. 1 ¶ 9; ECF No. 1-1 at 1. Alternatively, he contends that his state sentence and federal sentence should run concurrently because the federal sentencing judge was silent on

how the federal sentence would run in relation to the state sentence. *Id.*

The facts of the case are largely undisputed. Mikail was arrested by local authorities in Fairfax County, Virginia on July 8, 2011 for grand larceny. He was released on bond on July 12, 2011. While on release, Mikail was again arrested on November 22, 2011 in Fairfax County, Virginia by local authorities, charged with grand larceny, and released on the same date. On January 18, 2012, Fairfax County, Virginia authorities arrested him a third time, charging Mikail with possession of stolen property with intent to sell and grand larceny. He was released from custody on the same date. Marcus Boudreaux Decl., ECF No. 3-2 ¶¶ 2–4. On October 3, 2012, Mikail was remanded into state custody following his guilty plea in these cases. He was sentenced on December 14, 2012, by the Commonwealth of Virginia to three years in prison. *Id.* ¶ 5.

On April 4, 2013, while serving his state sentence, Mikail was indicted by a federal grand jury in the United States District Court for the Eastern District of Virginia for conspiring to commit bank fraud. ECF No. 1 ¶ 3. On April 11, 2013, he appeared in federal court pursuant to a writ of habeas corpus *ad prosequendum* to be tried on the federal charge. ECF No. 1 ¶ 9. On January 10, 2014, the federal district court sentenced Mikail to 52 months in prison with credit for time served. ECF No. 1 ¶ 4; Boudreaux Decl., ECF No. 3-2 ¶ 8. Between April 11, 2013 and his federal sentencing, Mikail remained in federal detention. At the time of sentencing, the court was silent as to whether the federal sentence would run concurrently or consecutively to Mikail's state sentence. ECF No. 1 ¶ 10; Boudreaux Decl., ECF 3-2 ¶ 8. On January 23, 2014, Mikail was returned to state custody in Virginia to continue serving his state sentence. Boudreaux Decl., ECF 3-2 ¶ 9.

On April 17, 2015, Mikail's state sentence ended, and he was released from state custody to federal custody. *Id*. ¶ 10. As of that date, Mikail began to serve his federal sentence. The BOP computed Mikail's 52-month federal sentence as commencing on April 17, 2015, the day he was released from his state sentence to primary federal custody. *Id*. ¶ 12. The BOP also credited Mikail for days that the State did not credit to his state sentence, to wit: October 16 to 19, 2007 (arrested on October 16 by state authorities in Loudon County, Virginia for a bad check and released on October 19); November 22, 2011 (arrested and released on the same day), and January 18, 2012 (same). *Id*. ¶ 12. Mikail's projected release date per the BOP is thus January 18, 2018, contingent upon his successful completion of all residential drug abuse program requirements. *Id*.

## II. ANALYSIS

Mikail contends that he is entitled to credit against his federal sentence for the period from April 11, 2013 to January 23, 2014—the time Mikail spent in federal detention pending his federal sentencing. Mikail is incorrect.

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Where, as here, the federal court is silent as to whether the federal sentence is concurrent or consecutive to a previously imposed sentence, it is automatically deemed consecutive. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Further, a defendant does not receive credit toward his federal sentence for days already spent in detention if that time already been credited toward another sentence. *See* 18 U.S.C. § 3585(b). *See also McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).

3

Here, Mikail was taken into state custody first by the Commonwealth of Virginia. He was then sentenced on the Commonwealth charges on December 14, 2012 and began serving his state term of imprisonment. Boudreaux Decl., ECF No. 3-2 ¶ 5. While serving his state sentence in state custody, Mikail was taken into temporary custody by federal authorities on April 11, 2013 to appear on his federal criminal proceedings. *Id.* ¶ 6–7. Importantly, however, although Mikail was physically in temporary federal detention between April 11, 2013 and his January 10, 2014 federal sentencing, he nonetheless was technically still serving his Commonwealth sentence during that time. Mikail, therefore, continuously received credit toward his state sentence from April 11, 2013 to January 23, 2014 . *Id.* ¶ 11. Because this time was credited toward Mikail's state sentence, he cannot also receive credit for the same time in his federal case. *See* 18 U.S.C. § 3585(b); *see also U.S. v. Wilson*, 503 U.S. 329, 337 (1992) (stating "Congress made clear that a defendant could not receive double credit for his detention time.").

Mikail presses, however, that the federal court's silence at sentencing regarding whether the federal sentence runs concurrently with his state sentence means concurrent time was imposed. The law, however, compels the opposite. Silence from the federal sentencing court requires construing the federal sentence as consecutively imposed to the state term of imprisonment. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). What is more, even if the federal court somehow imposed a concurrent sentence, which it did not, a pronouncement of concurrent time alone does not reach backward to cover time already spent detained. Rather, credit for time spent in official detention *prior* to imposition of a sentence is governed by 18 U.S.C. § 3585(b). Section 3585(b) specifically mandates that only days not otherwise credited toward any other sentence may be credited toward the federal sentence. But as

4

addressed above, the days in question were already credited towards Mikail's state sentence. Thus, those same days could never be credited toward his federal sentence.

## III. CONCLUSION

For these reasons, the Court will deny the petition. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed. Mikail has not made the requisite "substantial showing of the denial of a constitutional right" for a certificate of appealability should he seek one from this Court. *See* 28 U.S.C. § 2253(c)(2). Mikail may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

| | |
|---|---|
| 4/17/2017 | /S/ |
| Date | Paula Xinis <br> United States District Judge |